James D. Baird, Administrator of the Estate of Mary
A. C. Black, Deceased, Appellant, v. The Mutual
Life Insurance Company of New York, Appellee.

Gen. No. 9,163.

Opinion filed January 24, 1939. Re-
hearing denied April 4, 1939.

SCOFIELD, BELL & BERRY, of Carthage, for appellant.

LOUIS W. DAWSON, of New York, WINSTON, STRAWN
& SHAW, of Chicago, MILLER, ELLIOTT & WESTERVELT,
of Peoria, for appellee; GEORGE T. EVANS, of Chicago,
and EUGENE R. JOHNSON, of Peoria, of counsel.

MR. JUSTICE FULTON delivered the opinion of the
court.

This suit was brought by James D. Baird, adminis-
trator of the estate of Mary A. C. Black, deceased,
appellant, against The Mutual Life Insurance Com-

pany of New York, a corporation, Appellee, to recover the apportionment part of an annual payment alleged to be due on an annuity contract from November 1, 1933 to August 22, 1934, at which time Mrs. Black died. The case was tried before the court without a jury and judgment was entered by the court in favor of the appellee.

The annuity contract provided, that in consideration of the surrender of a certain insurance contract terminated by the death of James Black, the insured, and husband of Mary A. C. Black, the company, being the appellee, promised to pay to Mary A. C. Black, or to her executors or administrators, the sum of $841.15, on the date of the contract, and a like amount on each succeeding anniversary of such date until 20 such annual payments amounting to $16,823, shall have been duly paid, and that if at the completion of said 20 payments the beneficiary was still living, the company would continue such annual payments, but of the amount of $978.05, throughout her remaining lifetime. It was provided that after the first 20 payments shall have been made, the company should be furnished with satisfactory evidence that the beneficiary was alive, and that no further payment should be made until such evidence should be received, and that upon the death of the benfieciary at any time thereafter the contract should cease and determine and no further payments should be made.

The contract was dated November 1, 1913, and the first payment of $841.15, paid to the beneficiary on that date. The evidence shows that the last payment was made on November 1, 1933, that Mary A. C. Black died on August 22, 1934, and that James D. Baird, the appellant, was appointed administrator of her estate.

It is the appellant's position that notwithstanding the fact that payment was made upon the date of the contract for the first year and on each 12-month period

thereafter including the payment of $978.05, on November 1, 1933, that he is entitled to recover the proportion of the annuity payment between the dates of November 1, 1933 and August 22, 1934, the date of death.

It was stipulated and agreed that the law of the State of New York is the proper law to be applied to the determination of the controversy in this case. The New York statute covering the subject of Apportionments of Rents, Annuities and Dividends or the part thereof applicable to this case provides that: All annuities made payable or becoming due, at fixed periods shall be apportioned so that in the event of the death of any person interested in the same, his representatives or assigns shall be entitled to a proportion of such annuity . . . according to the time which shall have elapsed from the commencement or last period of payment thereof. The statute further provides:

"This section shall not apply to any case in which it shall be expressly stipulated that no apportionment be made, or to any sums made payable in policies of insurance of any description."

The appellant insists that from the language of the statute in question the right to apportionment relates to fixed periods under the instrument without reference to the question as to whether the first fixed period is, or is not, the date of the contract; that where the contract so specifies, as in the present case, the first fixed period is the date of the contract and the second fixed period is the first anniversary of that date. He contends that the right to apportionment is expressly stated to be according to the time which shall have elapsed from the commencement or last period of payment as the case may be, including the day of death of the person or the determination of his or her interest.

The position of the appellee is that where the payment is made in advance for a 12-month period and the beneficiary dies within that period no further payment can be required to be made.

While it is a general rule applying to the payment of annuities, that where the payment is not due until the end of a stated period of time the statute requires an additional payment for a proportionate part of the succeeding year, equal to the proportionate part of the year during which the beneficiary lived, we cannot belive that such rule applies to the circumstances of this case. It appears to us that payment having been made on the date of the contract there was nothing further due until the 12-month period had elapsed and the annuity contract having provided that the company shall be furnished at every such date of payment with satisfactory evidence that the beneficiary was alive, coupled with a further provision that no further payment shall be made until such evidence shall have been received, and that upon the death of said beneficiary at any time thereafter, the contract shall cease and determine and no further payment shall be made, we are convinced that prepayment and such stipulations in the contract amount to an express stipulation that no apportionment be made. We believe that any other construction of the annuity contract and of the statute of the State of New York would be strained and unreasonable.

It is our conclusion that the trial court correctly entered judgment in favor of the defendant appellee and the same is therefore affirmed.

*Affirmed.*